IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Vincent Missouri, #97087-071, ) | C/A NO. 2:09-3269-CMC-RSC |
| ) | |
| Plaintiff, ) | |
| ) | **OPINION and ORDER** |
| v. ) | |
| ) | |
| United States of America; U.S. Bureau of ) | |
| Prisons; Assistant US Attorney, Mark C. ) | |
| Moore; Assistant US Attorney, Deborah ) | |
| B. Barbier; United State Probation ) | |
| Department; Chief US Probation Officer, ) | |
| Dickie Brunson; Supervising US Probation ) | |
| Officer, Myra E. Bailey; ) | |
| US Probation Officer, Earl Gillam; ) | |
| US Federal Public Defenders Office ) | |
| (David Plowden and Catherine E. Evatt): ) | |
| United States Marshall [sic] Service, ) | |
| Greenville and Columbia Divisions; ) | |
| State of South Carolina; Greenville ) | |
| South Carolina Sheriff's Office; ) | |
| Officer Justin Hughes; Honorable ) | |
| Margaret B. Seymour; Unicor Prison ) | |
| Industry; all defendants officially ) | |
| and individually, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

This matter is before the court on Plaintiff's *pro se* complaint, filed in this court pursuant to 42 U.S.C. § 1983 and *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(d), DSC, this matter was referred to United States Magistrate Judge Robert S. Carr, for pre-trial proceedings and a Report and Recommendation ("Report"). On March 2, 2010, the Magistrate Judge issued a Report recommending that this matter be dismissed without prejudice and without service of process. The

Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. Plaintiff filed objections to the Report on March 12, 2010.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b).

After reviewing the record of this matter, the applicable law, the Report and Recommendation of the Magistrate Judge, and Plaintiff's objections, the court agrees with the conclusions of the Magistrate Judge. Accordingly, the court adopts and incorporates the Report and Recommendation by reference in this Order. Plaintiff's objections are, for the most part, merely repetitive of the arguments which were assessed and rejected by the Magistrate Judge, offering no persuasive legal authority to indicate the Magistrate Judge erred in his analysis of Plaintiff's amended complaint.

Plaintiff argues that *Heck v. Humphrey*, 512 U.S. 477 (1994), does not bar some of his claims under the Supreme Court's decision in *Wallace v. Kato*, 549 U.S. 384 (2007).[1] The court presumes that Plaintiff's argument goes to the alleged illegal entry into his residence by law enforcement

---

[1] Plaintiff does not specifically cite *Wallace*, yet the court believes this to be the case to which he is referring in his Objections.

2

personnel when Plaintiff was arrested on the supervised release revocation warrant. Plaintiff contends that there was no "search warrant" issued for his residence, and therefore the entry into his residence by law enforcement to effect his arrest was illegal. This simply is without merit. Law enforcement personnel had an active federal warrant for his arrest, which provided them the necessary authority to enter into his residence to arrest him. Moreover, any contention that the "United States Marshall's [sic]," Amd. Compl. at 5, allegedly committed some purported violation of his rights is insufficient to state a claim upon which relief can be granted, as Plaintiff must identify a specific individual who he contends violated his rights.

This matter is dismissed without prejudice and without issuance and service of process.

**IT IS SO ORDERED.**

s/ Cameron McGowan Currie<br>
CAMERON McGOWAN CURRIE<br>
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
April 13, 2010

C:\Documents and Settings\Guest\Local Settings\Temp\notesE1EF34\09-3269 Missouri v. USA adopt rr dism wo prej wo svc bivens.wpd